

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 8, 1959

Honorable Jesse James
State Treasurer
Austin, Texas

Opinion No. WW-716

Re: Whether H.B. 18, Acts of
the Regular Session of the
56th Legislature, repealed
the provisions of Article
4368 and Article 4375,
V.C.S., insofar as those
Articles require bond on
the State Treasurer and
the Chief Clerk.

Dear Mr. James:

You have requested our opinion on the following question:

". . . whether House Bill 18, Acts of
the Regular Session of the Fifty-sixth Legis-
lature, repealed the provisions of Article 4368
and Article 4375, /V.C.S.7, insofar as those
Articles require bonds on the State Treasurer
and the Chief Clerk."

Article 4368, Vernon's Civil Statutes, provides as follows:

"The State Treasurer shall, within
twenty (20) days after he shall have re-
ceived notice of his election, and before
he enters upon the duties of his office,
give a bond payable to and to be approved
by the Governor, in the sum of Seventy
Thousand Dollars ($70,000.00) with a good
and solvent surety company authorized to do
business in this State, conditioned that he
will faithfull execute the duties of his
office. All expense necessary and incident
to the execution of such bond shall be paid
by the State by appropriation. In addition
to the above the State Treasurer shall make
and enter into any special bond as may be

required by an Act of Congress or by any Federal department or official to protect any and all Federal funds which shall have been secured or which may hereafter be received by the State of Texas from the Federal Government and deposited with the State Treasurer. Said bond shall be in such sum and conditioned and approved as may be prescribed by the Act of Congress or such department or official aforesaid. Said bond shall be a special bond, and shall be in addition to the official bond hereinabove required, and each of said bonds shall be separate and distinct contracts and obligations, and the liability under each of said bonds shall be separate and distinct obligations. All expense necessary and incident to the execution of such special bond shall be paid as in the Act of Congress may be provided or by appropriation made by the Legislature of Texas for such purposes." (Emphasis ours).

Article 4375, Vernon's Civil Statutes, provides as follows:

"The Treasurer shall appoint a Chief Clerk who shall be required to give bond with a good and solvent surety company authorized to do business in this State, in the sum of twenty-thousand dollars, payable to and to be approved by the Governor, and conditioned as is the bond of the State Treasurer, and shall appoint such other employes and clerks as may be authorized by law. All such employes, whether clerks or otherwise, who, as a part of their duties, handle any money, drafts, checks, bills of exchange, warrants, or securities or other evidences of debt which are, or may be convertible into money, shall give bond with a good and solvent surety company authorized to do business in this State, payable to the Treasurer in such sum as he may require, conditioned that he or she will faithfully execute and perform the duties of his or her position. The cost and expense incident to the execution of the bond of the chief clerk and of the bonds of the respective employees shall be paid by the State by appropriation." (Emphasis ours).

Sections 2 and 8 of House Bill 18, Acts of the 56th Legislature, Regular Session, 1959, Chapter 383, page 855 (codified as Article 6003b, Vernon's Civil Statutes), provide as follows:

"Sec. 2. It is the intent of the Legislature in enacting the provisions of this Act to prescribe uniform standards for the bonding of State officers and employees in order to provide adequate protection against loss, and to prescribe a uniform bond covering officers and employees of all agencies, departments, boards, commissions, institutions, courts, and institutions of higher education of the State of Texas." (Emphasis ours).

"Sec. 8. All laws authorizing or requiring any faithful performance bond, any faithful performance blanket position bond, any position schedule honesty bond, or any honesty blanket position bond for any officer or employee of any agency of the State of Texas are hereby repealed to the extent of such authorization or requirement and all laws or parts of laws prescribing the amount of such bonds, and all laws or parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of such conflict." (Emphasis ours).

It is noted that Article 4368, prior to the enactment of House Bill 18, required the State Treasurer to enter into a faithful performance bond; that Article 4375, prior to the enactment of House Bill 18, required the Chief Clerk to enter into a faithful performance bond; that Section 8 of House Bill 18 specifically repealed all laws or parts of laws requiring any faithful performance bond for any officer or employee of any agency of the State of Texas. You are, therefore, advised that Section 8 of House Bill 18, Acts of the 56th Legislature, Regular Session, 1959, Chapter 383, page 855, specifically repeals the underlined portions of Articles 4368 and 4375. The bonds of the State Treasurer and his Chief Clerk and employees of the State Treasurer are governed by the provisions of House Bill 18 from and after May 30, 1959, its effective date.

## SUMMARY

The provisions of Article 4368, Vernon's Civil Statutes, and Article 4375, Vernon's Civil Statutes, requiring the State Treasurer and the Chief Clerk to enter into faithful performance bonds, have been specifically repealed by the provisions of Section 8 of House Bill 18, Acts of the 56th Legislature, Regular Session, 1959, Chapter 383, page 855, and from the effective date of House Bill 18 (May 30, 1959,) the bonds authorized or required of officers or employees of the Treasury Department are governed by its provisions.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:mfh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.
Wallace Finfrock
Linward Shivers
Joseph G. Rollins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert